WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew Mounir Awad,<br><br>Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>Respondents. | CIV 17-01800-PHX-SPL (MHB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE STEVEN P. LOGAN, UNITED STATES DISTRICT COURT:

On June 9, 2017, Petitioner Matthew Mounir Awad, who is confined in the Arizona State Prison Complex, through counsel filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) On August 14, 2017, through counsel, Petitioner filed an Amended Petition for Writ of Habeas Corpus (hereinafter "habeas petition"). (Doc. 11.) Respondents filed an Answer (Doc. 12), and Petitioner has filed a Reply. (Doc. 16.)

**BACKGROUND**[1]

On March 9, 2007, Petitioner was indicted by an Arizona state grand jury on one count of kidnapping ("Count 1"), one count of attempted sexual assault ("Count 4"), and three counts of sexual assault ("Counts 2, 3, and 5") in Case No. CR 2007-113620. (Exh. A.) On September 15, 2008, Petitioner was indicted on one count of conspiracy to commit first

---

[1] Unless otherwise noted, the following facts are derived from the exhibits submitted with Doc. 12 – Respondents' Answer.

degree murder in Case No. CR 2008-155819. (Exh. B.) In the 2008 matter, the State offered a plea agreement in which Petitioner would plead guilty to attempted first degree murder in exchange for a stipulated, aggravated sentence of 10-years' imprisonment. (Exh. D.) In the 2007 matter, the State offered a plea agreement in which Petitioner would plead guilty to Counts 2, 3 and 4 in exchange for dismissal of Counts 1 and 5. (Doc. 11-1.) The terms if this agreement additionally provided that, following the completion of his 10-year sentence in the 2008 matter, he would receive an aggravated sentence on Count 2 of 11-years' imprisonment, followed by lifetime probation on Counts 3 and 4. (Doc. 11-1.) Petitioner agreed to the terms set forth in the plea agreements and, thereafter, the court accepted the pleas. (Doc. 11-1 at 8-23.) Petitioner was sentenced on August 14, 2009 pursuant to the terms of the plea agreements. (Doc.11-1 at 35-51.)

On October 14, 2009, Petitioner filed a notice of post-conviction relief. (Doc. 11-1 at 58-64.) Petitioner was subsequently appointed counsel, and on March 19, 2010, counsel filed a notice of completion of post-conviction review, stating that he was "unable to find any claims for relief to raise in post-conviction relief proceedings." (Doc. 11-1 at 70-71.) The trial court thereafter granted Petitioner until May 13, 2010, to file his own *pro se* notice of post-conviction relief; however, Petitioner failed to do so, and on December 20, 2010, the court dismissed the Rule 32 proceedings. (Doc. 11-1 at 74.) Petitioner did not file a petition for review to the Arizona Court of Appeals. (Doc. 11 at 7.)

Petitioner initiated habeas corpus proceedings on June 9, 2017. (Docs. 1, 11.) Petitioner raises six grounds for relief. In Ground One, Petitioner alleges that his guilty plea was not knowing, intelligent, and voluntary. In Ground Two, Petitioner asserts ineffective assistance of counsel resulting in deficient plea advice. In Ground Three, Petitioner alleges his sentence was based on aggravating factors not found beyond a reasonable doubt. In Ground Four, Petitioner asserts ineffective assistance of counsel resulting from trial counsel's failure to inform Petitioner of his rights regarding the determination of aggravating factors for sentencing. In Ground Five, Petitioner alleges a violation of due process of law resulting from improperly sentencing Petitioner to an aggravated sentence and failing to inform

Petitioner of his rights regarding aggravating factors. In Ground Six, Petitioner asserts his of-right post-conviction proceedings did not comply with Anders v. California.

**DISCUSSION**

In their Answer, Respondents contend that Petitioner's habeas petition is untimely and, as such, must be denied and dismissed.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1). The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

An "of-right" petition for post-conviction review under Arizona Rule of Criminal Procedure 32, which is available to criminal defendants who plead guilty, is a form of "direct review" within the meaning of 28 U.S.C. § 2244(d)(1)(A). See Summers v. Schriro, 481 F.3d 710, 711 (9th Cir. 2007). Therefore, the judgment of conviction becomes final upon the conclusion of the Rule 32 of-right proceeding, or upon the expiration of the time for seeking such review. See id.

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). A post-conviction petition is "clearly pending after it is filed with a state court, but before that court grants or denies the petition." Chavis

1 v. Lemarque, 382 F.3d 921, 925 (9th Cir. 2004). A state petition that is not filed, however, within the state's required time limit is not "properly filed" and, therefore, the petitioner is not entitled to statutory tolling. See Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Id. at 414.

In Arizona, post-conviction review is pending once a notice of post-conviction relief is filed even though the petition is not filed until later. See Isley v. Arizona Department of Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004). An application for post-conviction relief is also pending during the intervals between a lower court decision and a review by a higher court. See Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing Carey v. Saffold, 536 U.S. 214, 223 (2002)). However, the time between a first and second application for post-conviction relief is not tolled because no application is "pending" during that period. See id. Moreover, filing a new petition for post-conviction relief does not reinitiate a limitations period that ended before the new petition was filed. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

The statute of limitations under the AEDPA is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 645-46 (2010). However, for equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way'" and prevented him from filing a timely petition. Id. at 2562 (quoting Pace, 544 U.S. at 418).

The Court finds that Petitioner's habeas petition is untimely. Initially, the Court notes that Petitioner concedes that his habeas petition is untimely. Moreover, on August 14, 2009, the trial court sentenced Petitioner pursuant to the terms set forth in the plea agreement. By pleading guilty, Petitioner waived his right to a direct appeal, and had 90 days to file an "of-right" petition for post-conviction relief under Rule 32 of the Arizona Rules of Criminal Procedure. Petitioner filed his timely post-conviction relief notice on October 14, 2009, but subsequently failed to file a post-conviction relief petition. Accordingly, the superior court dismissed the petition for post-conviction relief on December 20, 2010. Under Ariz. R. Crim.

P. 32.9(c), Petitioner was allowed 30 days to file a petition for review to the Arizona Court of Appeals, but failed to do so. Thus, Petitioner's case became final for purposes of the AEDPA on January 19, 2011. The limitations period began the next day, January 20, 2011, and expired one year later, on January 20, 2012. Petitioner did not initiate his habeas proceedings until June 9, 2017. Accordingly, absent any tolling, his habeas petition was filed over five years late.

The Ninth Circuit recognizes that the AEDPA's limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. See Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530, 540 (9th Cir. 1998). Tolling is appropriate when "'extraordinary circumstances' beyond a [petitioner's] control make it impossible to file a petition on time." Id.; see Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule") (citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418. Petitioner must also establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition. See Bryant v. Arizona Attorney General, 499 F.3d 1056, 1060 (9th Cir. 2007).

Petitioner is not entitled to equitable tolling. In his Reply, Petitioner argues merits and asserts that he "was left in the dark . . . until current counsel reviewed the record at the request of Petitioner's family . . . ." (Doc. 16.) However, Petitioner's *pro se* status, indigence, limited legal resources, ignorance of the law, or lack of representation during the applicable filing period do not constitute extraordinary circumstances justifying equitable tolling. See, e.g., Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] *pro se* petitioner's lack

of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."). "Equitable tolling is justified in few cases," and "threshold necessary to trigger equitable tolling is very high . . . ." <u>Spitsyn v. Moore</u> 345 F.3d 796, 799 (9th Cir. 2003). There is nothing in the record demonstrating that Petitioner has been diligently pursuing his rights or that some extraordinary circumstance stood in his way.

Alternatively, Petitioner argues that his untimeliness "is excused by the fundamental miscarriage of justice exception."

In order to present otherwise time-barred claims, a petitioner must establish that his case "falls within a narrow class of cases . . . implicating a fundamental miscarriage of justice." <u>Schlup v. Delo</u>, 513 U.S. 298, 314-315 (9th Cir. 2008). The Supreme Court has "explicitly tied the miscarriage of justice exception *to the petitioner's innocence*" and stressed that habeas corpus petitions advancing a credible claim of actual innocence are "extremely rare." <u>Id.</u> at 321 (emphasis added). Actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar or expiration of the AEDPA statute of limitations. <u>McQuiggin v. Perkins</u>, 133 S. Ct. 1924, 1925 (2013). In other words, "a credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period, and a petitioner who makes such a showing may pass through the <u>Schlup</u> gateway and have his otherwise time-barred claims heard on the merits." <u>Lee v. Lampert</u>, 653 F.3d 929, 932 (9th Cir. 2011).

The <u>Schlup</u> gateway opens only when a petition presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." <u>McQuiggin</u>, 133 S. Ct. at 1927. "A petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." <u>Schlup</u>, 513 U.S. at 327. <u>Schlup</u> requires a petitioner to "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." <u>Lampert</u> 653 F.3d at 938. However, "without any new evidence of innocence, even the existence of a concededly

meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." Id. at 316.

Here, Petitioner expressly conceded his guilt. Petitioner accepted and consented to the factual basis in the plea agreement which included, among other things, that Petitioner "attempted to make arrangements to have [victim] killed," "arrangements were made with [accomplice]," and arrangements "were made to pay money to [accomplice] in order to attempt to kill [victim] prior to having to testify at trials." Furthermore, the record is deplete of any instance of Petitioner claiming actual innocence.[2] "[T]he miscarriage of justice exception is limited to those extraordinary cases where the petitioner asserts his innocence and establishes that the court cannot have confidence in the contrary finding of guilt." Johnson v. Knowles, 541 F.3d 933, 937 (9th Cir. 2008). A petitioner who asserts only procedural violations without claiming actual innocence fails to meet this standard. Therefore, Petitioner's concession of guilt and failure to claim actual innocence is fatal to his untimely habeas petition.

Accordingly, Petitioner fails to show a fundamental miscarriage of justice adequate to excuse his untimely petition.

## CONCLUSION

Having determined that Petitioner's habeas petition is untimely, the Court will recommend that Petitioner's habeas petition be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. 11) **DENIED** and **DISMISSED WITH PREJUDICE**;

\\\

\\\

---

[2] Additionally, many of Petitioner's claims revolve around the imposition of an aggravated sentence without a jury finding of aggravating factors. Petitioner explicitly waived this right in his plea agreements – consented to "judicial fact-finding," and the right to a jury determination of facts used to enhance sentence – and furthermore stipulated to an aggravated sentence in both cases. (Docs. 11-1 at 5-6 ¶¶ 7, 11; 12-1 at 29 ¶¶ 7, 11.) In addition, the trial court found several aggravating circumstances. (Doc. 11-1 at 48.)

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

DATED this 23rd day of April, 2018.

_____
Michelle H. Burns
United States Magistrate Judge