IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew Mounir Awad,<br><br>           Petitioner,<br>v.<br><br>Charles L. Ryan, et al.,<br><br>           Respondents. | No. CV-17-01800-PHX-SPL<br><br>**ORDER** |

      The Court has before it Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 11.) The Court has also received Respondents' Limited Answer (Doc. 12), Petitioner's Reply to the Limited Answer (Doc. 16), the Report and Recommendation of the Magistrate Judge (Doc. 19), and Petitioner's Objections to the Report and Recommendation. (Doc. 24).

      Petitioner argues in Ground 1 that the entry of his guilty plea was not knowing, intelligent, and voluntary. (Doc. 11 at 8-9.) In Ground 2, Petitioner contends that he received deficient plea advice due to ineffective assistance of counsel. (Doc. 11 at 9-10.) In Ground 3, Petitioner argues that his sentence was based on aggravating factors that were not found beyond a reasonable doubt, or admitted by Petitioner. (Doc. 11 at 10.) In Ground 4, Petitioner alleges that his counsel was ineffective at sentencing for failing to inform Petitioner of his rights related to the determination of aggravating factors. (Doc. 11 at 10.) In Ground 5, Petitioner argues that his due process rights were violated because he received an aggravated sentence and was not informed of his rights regarding aggravating factors.

(Doc. 11 at 10-11.) In Ground 6, Petitioner argues that his of-right post conviction proceedings did not comply with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). (Doc. 11 at 11-12.)

Respondents argue that Petitioner's claims are untimely. (Doc. 12 at 2, 5-6.) Specifically, Respondents assert that Petitioner filed his habeas petition more than five years after the statute of limitations had elapsed, and he failed to exhaust any of his claims in state court. (Doc. 12 at 2.) Further, Respondents contend that Petitioner is not entitled to equitable tolling. (Doc. 12 at 6.) The Magistrate Judge concluded that Petitioner failed to file a timely habeas petition, and that he failed to satisfy the high threshold for equitable tolling. (Doc. 19 at 4-5.)

Petitioner's case became final for purposes for the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") on January 19, 2011.[1] The record reflects that the instant Petition was not filed until June 9, 2017. (Doc. 1.)

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b). A proper objection requires specific written objections to the findings and recommendations in the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b) (1). It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial economy). Further, a party is not entitled as of right to *de novo* review of evidence or

---

[1] Petitioner filed his timely post-conviction relief notice on October 14, 2009, but failed to file a post-conviction relief petition. (Doc. 11-1 at 58-64.) The superior court dismissed his petition for post-conviction relief on December 20, 2010. (Doc. 11-1 at 74.) Petitioner had 30 days to file a petition for review with the Arizona Court of Appeals. Ariz. R. Crim. P. 32.9(c). He failed to file a petition for review, therefore, his case became final for purposes of the AEDPA on January 19, 2011, and the limitations period began running the next day. The limitations period expired one year later, on January 20, 2012.

2

arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

The Court has undertaken an extensive review of the sufficiently developed record. Petitioner's objections to the findings and recommendations have also been carefully considered.

After conducting a *de novo* review of the issues and objections, the Court reaches the same conclusions reached by Judge Burns. This Court finds that the Petition is untimely and that Petitioner has failed to meet the high threshold for equitable tolling. Having carefully reviewed the record, the Petitioner has not shown that he is entitled to habeas relief. The R&R will be adopted in full. Accordingly,

**IT IS ORDERED:**

1. That the Magistrate Judge's Report and Recommendation (Doc. 19) is **accepted** and **adopted** by the Court;

2. That Petitioner's Objections (Doc. 24) are **overruled**;

3. That the Amended Petition for Writ of Habeas Corpus (Doc. 11) is **denied** and this action is **dismissed with prejudice**;

4. That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied**; and

5. That the Clerk of Court shall **terminate** this action.

Dated this 24th day of September, 2018.

Honorable Steven P. Logan
United States District Judge